UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEON COLEMAN,                                          Case No. 17-11730

      Plaintiff                                    Arthur J. Tarnow
v.                                                     United States District Judge

RICHARD SNYDER, *et al.*,                              Stephanie Dawkins Davis
                                                       United State Magistrate Judge
      Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 18)
and TERMINATE ALL PENDING MOTIONS AS MOOT OR
OTHERWISE DENY THEM ON THE MERITS (Dkts. 20, 31, 34, 35,
42, 46, 50, 57, 61, 66, 68, 69, 72, 76, 77, 78, 80, 81, 82, 83, 86, 87)**

## I.  PROCEDURAL HISTORY

Plaintiff filed this prisoner civil rights action on May 31, 2017 against

Governor Richard Snyder, Attorney General William Schuette,[1] Michigan

Department of Corrections employees, Heidi Washington and Lori Gidley, along

---

[1]  Attorney General Schuette filed a motion for summary judgment on the same grounds set forth by the other defendants in Dkt. 18.  (Dkt. 76).  While plaintiff has not yet responded to this motion, should this report and recommendation be adopted, the undersigned recommends dismissing Schuette and terminating his motion for summary judgment as moot.  *See also*, n. 6, *infra*.

1

with Trinity Service Group[2] and its employee, Barbara Anderson.[3]  (Dkt. 1).  This case was consolidated with Case No. 17-12110.  (Dkt. 5, 9).  The complaint from Case No. 17-12110 can be found on the docket in this matter at Dkt. 7.  The state defendants Snyder, Washington, and Gidley have filed a motion for summary judgment, arguing, among other things, that plaintiff failed to exhaust his administrative remedies.  (Dkt. 18).  Plaintiff filed a response on October 30, 2017.  (Dkt. 37).  The parties have filed a host of other motions, which the undersigned has determined are moot or should otherwise be denied on the merits if summary judgment is granted in defendants' favor.  (Dkts. 20, 31, 34, 35, 42, 46, 50, 57, 61, 66, 68, 69, 72, 76, 77, 78, 80, 81, 82, 83, 86, 87).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED** based on plaintiff's failure to exhaust his administrative remedies.  The undersigned further **RECOMMENDS** that plaintiff's complaint be **DISMISSED** in its entirety, even as to the non-moving defendants and defendant Schuette, and that all other pending motions be **TERMINATED** as moot or otherwise **DENIED** on the merits.

---

[2]  Trinity Service Group has not yet been served with the summons and complaint or returned a waiver of service.

[3]  Barbara Anderson returned a waiver of service of the summons and complaint but no counsel has yet appeared for her.  (Dkt. 64).

## II.     FACTUAL BACKGROUND

Plaintiff's claims arise out of his disagreement with the religious (Halal) meals he received at the Central Michigan Correctional Facility (STF) as a practicing Muslim.[4]  Plaintiff alleges violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), Religious Freedom Restoration Act (RFRA), and the First, Fifth, Seventh, Eighth, and Fourteenth Amendments to the U.S. Constitution.  The complaint does not specify whether the claims are individual- or official-capacity claims, but seeks both monetary and injunctive relief.  (Dkt. 1, p. 5).

MDOC Policy Directive 05.03.150, "Religious Beliefs and Practices of Prisoners," paragraph OO states that MDOC "offers a vegan menu to meet the religious dietary needs of prisoners," and that "[t]he Vegan menu shall comply with Kosher and Halal religious tenets."  (Dkt. 18, Ex. 3).  P.D. 05.03.150 was effective on September 15, 2015, prior to when plaintiff alleges that he was approved for a religious diet (November 2015).  (Dkt. 1, ¶ 1).  According to plaintiff's complaint, no sincere practicing Muslim can be a willing vegetarian.  (Dkt. 1, p. 1).  Plaintiff also says that there is no Halal diet offered or available for

---

[4]   Plaintiff was released from STF and his address has changed multiple times throughout this litigation.  Plaintiff now resides at the Detroit Reentry Center and has been released from and returned to this facility on previous occasions during this lawsuit.  (Dkt. 67, 32, 38).

commissary purchase.  *Id*. at 1-2.  Plaintiff also says he was discriminated against

when he was offered inappropriate substitutions for food items that had run out.

*Id*. at 2.  Plaintiff also asserts that the vegetarian diet is inappropriate for him

because he is allergic to soy, one of the diet's main components.  *Id*. at 2.

Plaintiff filed a Step I grievance on February 7, 2017.  (Dkt. 1, Pg ID 18).

His grievance was acknowledged on February 16, 2017.  (Dkt. 1, Pg ID 19).

According to MDOC records, plaintiff did not take any grievances through Step III

of the MDOC grievance process between the time he says he was approved to

receive religious meals (November 2015) and the date he filed his complaint.

(Dkt. 18, Ex. 2).  Thus, defendants maintain that none of his claims are exhausted

and should be dismissed.

## III.   ANALYSIS AND CONCLUSION

A.    <u>Standard of Review</u>

When a party files a motion for summary judgment, it must be granted "if

the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).  "A party

asserting that a fact cannot be or is genuinely disputed must support that assertion

by: (A) citing to particular parts of materials in the record...; or (B) showing that

the materials cited do not establish the absence or presence of a genuine dispute, or

that an adverse party cannot produce admissible evidence to support the fact."

Fed.R.Civ.P. 56(c)(1).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Furthermore, the evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co.*, *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Where the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  That is, the party opposing a motion for summary judgment must make an affirmative showing with proper evidence and must "designate specific facts in affidavits, depositions, or other factual material showing 'evidence on which the jury could reasonably find for the plaintiff.'" *Brown v. Scott*, 329 F.Supp.2d 905, 910 (6th Cir. 2004).

In order to fulfill this burden, the non-moving party need only demonstrate the minimal standard that a jury could ostensibly find in his favor. *Anderson*, 477 U.S. at 248; *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, mere allegations or denials in the non-movant's pleadings will not

satisfy this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 251.

The Court's role is limited to determining whether there is a genuine dispute about a material fact, that is, if the evidence in the case "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Such a determination requires that the Court "view the evidence presented through the prism of the substantive evidentiary burden" applicable to the case. *Id*. at 254. Thus, if the plaintiff must ultimately prove his case at trial by a preponderance of the evidence, on a motion for summary judgment the Court must determine whether a jury could reasonably find that the plaintiff's factual contentions are true by a preponderance of the evidence. *See id.* at 252-53. Finally, if the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the movant is entitled to summary judgment. *Celotex*, 477 U.S. at 323. The Court must construe Rule 56 with due regard not only for the rights of those "asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury," but also for the rights of those "opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis." *Id*. at 327.

B.     Sufficiency of Plaintiff's Response

The present circumstances are similar to those facing the court in *Faryen v. United Machining Inc.*, 2016 WL 5106975, *4 (E.D. Mich. Aug. 16, 2016), report and recommendation adopted, 2016 WL 4988255 (E.D. Mich. Sept. 19, 2016) (quoting *Barnes v. SRI Surgical Exp., Inc.* 2012 WL 1059935, *3 (E.D. Tenn. 2012)), where "the poor quality of Plaintiff's briefing has considerably complicated the Court's task."  In *Faryen* the court observed that while the plaintiff did not fail to respond altogether, the response was "so deficient that an evaluation of the Court's responsibilities when presented with an unopposed dispositive motion" was appropriate. *Id*. at *4 (quoting *Barnes*, at *3).  A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded; at a minimum, the court is required to examine the motion to ensure that the movant has met his initial burden.  *Id*. (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)).  Nevertheless, in the absence of a response, the court will not "sua sponte comb the record from the partisan perspective of an advocate for the non-moving party."  *Id*. (quoting *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992)).  "Rather, in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts

which are 'uncontroverted.'"  *Id*. at *4 (quoting *Barnes*, at *3).  If such evidence

supports a conclusion that there is no genuine issue of material fact, the court will

determine that the moving party has carried its burden, and "judgment shall be

rendered forthwith."  *Id*. (alteration omitted); s*ee also Norris v. Aryers*, 2016 WL

706238, *2 (E.D. Tenn. 2016); *Hicks v. Concorde Career Coll.*, 449 Fed. Appx.

484, 487 (6th Cir. 2011) (finding that "[t]he district court properly declined to

consider the merits of [plaintiff's] claim because [plaintiff] failed to address it in ...

his response to the summary judgment motion"); *Snyder v. Chrysler Group, LLC*,

2016 WL 3213388 (E.D. Mich. 2016) ("If an opposing party fails to properly

address the factual assertions of the moving party, the court may 'consider the facts

undisputed for the purposes of the motion' and 'grant summary judgment if the

motion and supporting materials – including the facts considered undisputed –

show that the movant is entitled to it.'") (quoting Fed.R.Civ.P. 56(e)).

     Because plaintiff is a *pro se* litigant, his filings are liberally construed.

*Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*,

404 U.S. 519, 520 (1972) (stating that the Court holds pleadings of *pro se* litigants

to less stringent standards than formal pleadings drafted by lawyers)); *Boswell v.*

*Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (*pro se* plaintiffs enjoy the benefit of a

liberal construction of their pleadings and filings).  However, a party's status as a

*pro se* litigant does not alter the duty on a summary judgment motion to support

the party's factual assertions with admissible evidence. *Maston v. Montgomery Cnty. Jail Med. Staff Pers.*, 832 F.Supp.2d 846, 851-52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs.*, *Inc.*, 375 Fed. Appx. 482, 485 (6th Cir. 2010)). When opposing a motion for summary judgment, a *pro se* party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 Fed. Appx. at 485). Given the nature of plaintiff's response to the motions for summary judgment, the undersigned will endeavor to determine if defendants have met their initial burden as required in *Faryen* and *Barnes*, *supra*.

C.    Exhaustion of Administrative Remedies

Defendants' primary argument is that plaintiff did not exhaust his administrative remedies before filing his complaint. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a)'s "exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court

9

held that "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.  "Compliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 549 U.S. at 218. "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."  *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[P]roper exhaustion of administrative remedies is necessary."  *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Brown v. Toombs*, 139 F.3d 1102 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998) (No federal action shall be brought until such administrative remedies as are available are exhausted).  In other words, a prisoner may not exhaust administrative remedies during the pendency of the federal lawsuit.  *Larkins v. Wilkinson*, 1998 WL 898870, at *2 (6th Cir. Dec. 7, 1998).

In *Jones v. Bock*, the Supreme Court also held that the burden rests on the defendant to show that a plaintiff failed to exhaust when asserting exhaustion as an affirmative defense.  *Id.*  Accordingly, exhaustion is satisfied if plaintiff complied with the applicable grievance procedures and defendants bear the burden of showing otherwise.  *See Kramer v. Wilkinson*, 226 Fed. Appx. 461, 462 (6th Cir. 2007) (a prisoner-plaintiff "does not bear the burden of specially pleading and

proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

Here, defendants set forth the administrative grievance process applicable to plaintiff's claims.  Pursuant to MDOC policy directive 03.02.130 entitled "Prisoner/Parolee Grievances," there are four stages to the grievance process that must be followed before a prisoner can seek judicial intervention, each with specific time limits.  (Dkt. 18, Ex. 1, MDOC Policy Directive 03.02.130, "Prisoner/Parolee Grievances" (effective date 07/09/2007)).  First, the prisoner must attempt to verbally resolve the issue with the staff member(s) involved within two business days of becoming aware of a grievable issue.  *Id*. ¶ P.  If the issue is not resolved, the prisoner may then file a Step I grievance, which must be accomplished within five business days of the attempted verbal resolution.  *Id*. ¶¶ P, V.  If the prisoner is not satisfied with the Step I outcome, or he does not receive a timely response, he must file a Step II appeal within 10 business days of response, or if, no response was received, within 10 business days of when the response was due.  *Id*. ¶ BB.  If the inmate is still not satisfied with the result, he must then file a Step III appeal within 10 business days of receiving the response, or if no response is provided, within 10 business days of when it was due.  The Step III response ends the administrative process.  *Id*. ¶ FF.

When filing a grievance and/or grievance appeal, an inmate must state the facts involved with the issue being grieved, and must also include the "[d]ates, times, places, and names of all those involved in the issue being grieved." *Id*. ¶ R. A grievance may be rejected if it is vague, illegible, contains multiple unrelated issues, or raises issues that are duplicative of those raised in another grievance filed by the grievant. *Id*. ¶ G. A grievance may also be rejected if the grievance is untimely, but may not be rejected if there is a valid reason for the delay. *Id*. ¶ G.4.

Grievances and grievance appeals at all steps are considered filed on the date sent by the grievant. The total grievance process from the point of filing a Step I grievance to providing a Step III response must generally be completed within 120 calendar days unless an extension has been approved in writing by the Grievance Coordinator at Step I and/or Step II. According to the policy, an extension for a Step I or II response may not exceed 15 business days unless the grievance falls within the jurisdiction of the Internal Affairs Division. The Grievance Coordinator is required to immediately notify the grievant in writing whenever an extension has been approved; the extension must also be noted in the grievance response. *Id*. ¶ S.

Defendants offer evidence via affidavit and internal records showing that, while plaintiff has filed a number of grievances while incarcerated, he took no grievances through Step III of the grievance process between January 2015 and

July 31, 2017.  (Dkt. 18, Ex. 2).  This time frame covers the period from when

plaintiff says he was approved for a Halal diet and when he filed the complaint that

is the subject of this case.  In response, plaintiff merely argues that defendants

Snyder and Washington cannot separate themselves from defendant Anderson,

who "crossed every possible line" in dealing with his dietary matters.  (Dkt. 37).

Plaintiff maintains that Anderson's claim that he was self-selecting from the

regular menu line is false, and it was inappropriate for Anderson to speak with his

physician about his allergy issues without his consent.  He refers to Dkt. 7 (his

complaint from Case No. 17-12110) as containing the exhibits to support his

response.  Nothing in Dkt. 7 suggests that plaintiff completed the three step

grievance process.  Moreover, plaintiff does not address exhaustion of

administrative remedies in his response and does not dispute defendants' evidence

showing that he did not exhaust his administrative remedies as to the claims that

are the subject matter of this complaint.

Based on this record, defendants have established that plaintiff did not

properly exhaust the grievance procedure as outlined by MDOC Policy Directive

03.02.130.  They have proffered evidence that plaintiff did not take any grievance

through the entire three step grievance process, as required, during the relevant

time frame.  Plaintiff does not offer any evidence to the contrary or suggest that

defendants impeded his ability to exhaust his administrative remedies.  *See Napier*

*v. Laurel Cnty., Ky.*, 636 F.3d 218, 225-26 (6th Cir. 2011) (Once the defense of failure to exhaust is raised and supported via a dispositive motion, a prisoner plaintiff must show that he has complied with the requirements of exhaustion.); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-59 (2016) (If a prisoner is effectively barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required.). Accordingly, the moving defendants are entitled to summary judgment for lack of proper exhaustion. *See Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90-91.

Given the foregoing conclusions, the Court need not consider defendants' other arguments regarding personal involvement, the merits of plaintiff's RFRA/RLUIPA's claims, and sovereign immunity. *Woods v. O'Kelley*, 2017 WL 5016053 (M.D. Tenn. Aug. 23, 2017), report and recommendation adopted, 2017 WL 4999899 (M.D. Tenn. Nov. 2, 2017) ("Because Plaintiff's failure to comply with the PLRA requires dismissal of the entire lawsuit [including RFRA/RLUIPA claims], analysis of Defendants' alternative arguments for dismissal is not necessary."); *see also*, *Snelling v. Romanowski*, No. 15-14129, report and recommendation dated 8/10/16 at Dkt. 64, p. 11, adopted by 2016 WL 5402965 (E.D. Mich. Sept. 28, 2016) (Given the conclusion that plaintiff failed to exhaust his administrative remedies required dismissal of the complaint, alternative basis for motion need not be addressed); *see also*, *Mattox v. Edelman*, 2016 WL 398242,

at *1 (E.D. Mich. 2016) report and recommendation adopted sub nom. *Mattox v.*

*Pandya*, 2016 WL 945340 (E.D. Mich. Mar. 2016) (citing *Albino v. Baca*, 747

F.3d 1162, 1170 (9th Cir. 2014)) (Whenever feasible, the court should decide

exhaustion disputes before addressing the merits of the claims.).

    D.   <u>Other Pending Motions</u>

    The remaining motions are rendered moot by the above recommendation but

the undersigned makes a few observations in the interest of completeness and

addresses the merits of a few particular motions.  First, defendants filed a motion

to stay discovery pending a decision on the motion for summary judgment and

plaintiff filed counter-motions for summary judgment.  (Dkts. 20, 50, 82).  These

motions will be rendered moot should the Court adopt this report and

recommendation.  As will plaintiff's motion for copies of certain filings on the

docket.  (Dkt. 78).  While plaintiff claims that defendants' did not present him

"original copies" of the motion for summary judgment, or other motions filed by

defendants, plaintiff plainly received copies, given that he filed responses to

defendants' motions found at Dkts. 18 and 20.  (Dkt. 37, 43).

    Next, plaintiff filed three motions to compel but none of the discovery

sought is related to exhaustion and plaintiff does not make any claim that he

required any discovery to respond to the motion for summary judgment, in

accordance with Rule 56(d).  (Dkts. 42, 46, 61).  Plaintiff also asks that the Court

rule on the discovery motions before the motion for summary judgment (Dkt. 69),

but again does not suggest that any of the requested discovery relates to the motion

for summary judgment or more specifically, the issue of exhaustion of

administrative remedies.  Plaintiff also purportedly filed a motion under Rule

56(d).  (Dkt. 83).  A motion under Rule 56(d) (to the extent plaintiff has even made

such a motion) may be properly denied when the requesting party "makes only

general and conclusory statements... regarding the need for more discovery and

does not show how an extension of time would have allowed information related to

the truth or falsity of [a document] to be discovered."  *Ball v. Union Carbide*

*Corp*., 385 F.3d 713, 720 (6th Cir. 2004).  Plaintiff has not demonstrated or

discussed with specificity his need for discovery, in any of the foregoing motions;

nor has he identified what material facts he hopes to uncover pertaining to

exhaustion of administrative remedies or any other issue raised in defendants'

motion for summary judgment.  *See Cacevic v. City of Hazel Park*, 226 F.3d 483,

488 (6th Cir. 2000).  Thus, these motions are properly deemed mooted should the

report and recommendation be adopted.

Plaintiff also files a number of motions which appear to ask for various

injunctive relief pertaining to events that occurred at the Detroit Reentry Center

(DRC), to add defendants from DRC to the lawsuit, to transfer him to another

facility, and for additional compensation.  Specifically, Dkt. 31 seeks to add parties

and claims to this lawsuit from an entirely different correctional facility (DRC)

than where plaintiff was housed when the events given rise to this lawsuit occurred

(STF), and which are related to a new set of factual circumstances.  Similarly, Dkt.

80 seeks to add "violations" of RFRA and RLUIPA, although it is not entirely

clear when or where these alleged violations occurred, and Dkt. 81 seeks to add

more claims arising from events at DRC.  To the extent plaintiff seeks to

supplement his complaint with events that occurred after the filing of the complaint

in this case, any such motion is properly denied because adding a whole new cast

of characters and unrelated events is not the proper subject of a motion to

supplement a complaint.  *See Cage v. Harry*, 2010 WL 1254562 (W.D. Mich. Mar.

26, 2010) ("The purpose of supplemental pleadings under Rule 15(d) is to allow a

plaintiff to update his complaint to add allegations of later events relating to his

original complaint. ...  The rule does not, however, allow a plaintiff to add new

claims relating to new events ... involving not the original defendants but a whole

new cast of characters. ...  It does not allow daisy-chaining of unrelated events into

a single lawsuit."); *see also*, *Martinez v. Vondewigelo*, 2016 WL 2587940, *2-3

(W.D. Ky. 2016) (Prisoner plaintiff could not "daisy chain" new cast of characters

and unrelated events and was required to file a new lawsuit instead.) (citing *Cage

v. Harry*).  Thus, Dkt. 31, Dkt. 80, and Dkt. 81 seek improper relief and should be

denied.  Dkt. 31 also seeks to have the Court transfer plaintiff to another facility.

The Court is generally without authority to do so. *Ragland v. Schneider*, 2013 WL 782091, at *1 (E.D. Mich. Feb. 28, 2013) (noting that the court "does not have the authority to order the Michigan Department of Corrections ('MDOC') to transfer Plaintiff to a different facility") (citing *Gresham v. Granholm*, 2012 WL 3126781 at *4 (W.D. Mich. July 31, 2012) ("In the absence of some extraordinary or compelling reason, this Court denies motions and requests by prisoners to be transferred to different correctional facilities. The Court is required to exercise restraint and show due deference to MDOC's decisions concerning its administration and management of the Michigan prison system")); *see also Dunbar v. Caruso*, 2012 WL 3308407, at *1 (E.D. Mich. Aug. 13, 2012) (denying plaintiff's motion for transfer to a federal prison).

To the extent Dkt. 31 and other motions filed by plaintiff seek injunctive relief relating to the conduct of non-parties to this lawsuit and are not otherwise mooted if the Court adopts this report and recommendation, such motions should be denied. *See also Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) ("A basic showing necessary for obtaining a preliminary injunction is that there must be some relationship between the conduct giving rise to the claims in the complaint and the injury sought to be prevented by the motion for preliminary injunctive relief."). In Dkt. 31, Dkt. 34, Dkt. 35, Dkt. 66, Dkt. 68, Dkt. 72, Dkt. 77, and Dkt. 87, plaintiff complains about conduct by non-parties that took place after the

conduct giving rise to the instant complaint and at a different facility.  Thus,

injunctive relief relating to these events is improperly brought in this lawsuit.  *See*

*e.g.*, *Bloodworth v. Timmerman-Cooper*, 2011 WL 4573943, at *2 (S.D. Ohio

Sept. 29, 2011), report and recommendation adopted, 2011 WL 5403217 (S.D.

Ohio Nov. 8, 2011) (Plaintiff's request for relief against officials not party to the

present suit for tampering with his mail was unrelated to the complaint and was

denied); *Beasley v. Westbrooks*, 2017 WL 4150462, at *2 (M.D. Tenn. Sept. 19,

2017) (citing *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010)) ("A basic

showing necessary for obtaining a preliminary injunction is that there must be

some relationship between the conduct giving rise to the claims in the complaint

and the injury sought to be prevented by the motion for preliminary injunctive

relief.").  Based on the foregoing, plaintiff's motions for injunctive relief can be

denied as moot or as improper on the merits.

Finally, plaintiff brings a motion for default judgment against all defendants.

(Dkt. 57).  In addition, plaintiff filed a motion to modify Dkt. 57, complaining that

defendant Anderson has taken too long to file an answer to the complaint.  (Dkt.

86).  On review of the docket in this matter, no default has been entered by the

Clerk of the Court in accordance with Federal Rule of Civil Procedure 55 and

Local Rule 55.1, which is required before a party may proceed with a motion for

entry of default judgment based on a failure to answer or otherwise respond to a

complaint.  Thus, plaintiff's motion for default judgment, and motion to modify the motion for default judgment, should be **TERMINATED** as moot or improperly filed.

      E.    <u>Non-moving Defendants</u>

    As explained in *Threatt v. Williams-Ward*, 2016 WL 6653013, at *6 (E.D. Mich. July 13, 2016), report and recommendation adopted 2016 WL 4607639 (E.D. Mich. Sept. 6, 2016),[5] 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, requires the Court to dismiss complaints *sua sponte* when they fail to state a claim, are frivolous, or seek monetary relief from immune defendants.  *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).  In *Threatt*, the Court determined that the plaintiff's claims against the defendants who had not appeared were the same as his claims against the defendants who had appeared, and those claims arose from the same grievances.  Thus, the magistrate judge concluded that because the plaintiff failed to exhaust his administrative remedies for his claims against defendants who had appeared, the claims against the defendants who had not appeared should also be *sua sponte* dismissed pursuant to §§ 1915(e)(2)(B) and 1915A.  The District Court, in adopting this recommendation over the plaintiff's objections, rejected plaintiff's claim that because exhaustion is an affirmative

---

[5] Appeal dismissed sub nom. *Threatt v. Williams-Ward*, 2017 WL 4363793 (6th Cir. May 18, 2017).

defense, such a *sua sponte* dismissal is not permitted.  Rather, the Court pointed

out that courts have not interpreted *Jones v. Bock* as precluding *sua sponte*

dismissals based on an affirmative defense such as exhaustion where the failure to

exhaust is evident and the plaintiff first has been given the opportunity to address

the issue.  *Threatt v. Williams*, 2016 WL 4607639, at *3 (E.D. Mich. Sept. 6, 2016)

(citing *Baker v. Meko*, 2009 WL 56953, at *2 (E.D. Ky. Jan. 7, 2009) (quoting

*Jones*, 127 S. Ct. at 920-21)).  As the district court summarized in *Baker*:

> Other courts have held that even in light of the Supreme
> Court's decision in *Jones v. Bock*, district courts are still
> authorized to dismiss a complaint where failure to
> exhaust is apparent from the face of the complaint and
> are also allowed *sua sponte* to inquire into whether a
> claim has been exhausted and dismiss the complaint after
> giving the inmate notice and an opportunity to address
> the issue.

*Id*. at *3 (citing cases); *see also*, *Belser v. Alton*, 2015 WL 4488598, at *8 (E.D.

Mich. July 23, 2015), aff'd sub nom. *Marvin Belser v. Sarah Alton*, (Aug. 27,

2015) (Recommendation for dismissal of non-moving defendants adopted where

"the claims stated against them are same as those lodged against the moving

defendants; thus the claims should be dismissed for the same reasons, despite the

fact that those defendants did not join in the motion.").  For these reasons, the

undersigned recommends that the non-moving defendants also be dismissed from this lawsuit based on plaintiff's failure to exhaust his administrative remedies.[6]

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED** based on plaintiff's failure to exhaust his administrative remedies.  The undersigned further **RECOMMENDS** that plaintiff's complaint be **DISMISSED** in its entirety, even as to the non-moving defendants and defendant Schuette, and that all other pending motions be **TERMINATED** as moot or otherwise **DENIED** on the merits.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

---

[6] While plaintiff did not yet file a response to defendant Schuette's motion for summary judgment (Dkt. 76), which is also based in part on failure to exhaust, the undersigned sees no reason to treat him differently than either the other moving parties or the non-moving parties, given that the failure to exhaust administrative remedies applies across the board in the circumstances of this case.  Thus, should the Court adopt this recommendation, defendant Schuette should be dismissed and his motion should be terminated as moot.

22

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 3, 2018

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that on <u>August 3, 2018</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I have mailed by United States Postal Service to the following non-ECF participant: <u>Deon Coleman #252207, Charles Egeler Reception and Guidance Center Annex, 3855 Cooper Street, Jackson, MI 49201.</u>

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov