UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEON COLEMAN, | Case No. 17-11730 |
| Plaintiff, | |
| | SENIOR UNITED STATES DISTRICT |
| v. | JUDGE ARTHUR J. TARNOW |
| | |
| RICHARD SNYDER, ET AL., | MAGISTRATE JUDGE STEPHANIE |
| | DAWKINS DAVIS |
| Defendants. | |

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION [88]; OVERRULING PLAINTIFF'S OBJECTIONS [89]; GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [18]; TERMINATING ALL PENDING MOTIONS AS MOOT [20, 31, 34, 35, 42, 46, 50, 57, 61, 66, 68, 69, 72, 76, 77, 78, 80, 81, 82, 83, 86, 87]; AND DISMISSING CASE WITHOUT PREJUDICE**

On May 31, 2017, Plaintiff Deon Coleman filed this prisoner civil rights action. Defendants Governor Richard Snyder, Heidi Washington, and Lori Gidley filed a Motion for Summary Judgment [18] on September 11, 2017. On August 3, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") [88] recommending that the Court grant Defendants' Motion and terminate all pending motions as moot. Plaintiff filed Objections [89] to the R&R on August 20, 2018.

Because Plaintiff failed to exhaust his administrative remedies prior to filing suit, the R&R [88] is **ADOPTED**; Plaintiff's Objections [89] are **OVERRULED**; Defendants' Motion for Summary Judgment [18] is **GRANTED**; and all pending motions are terminated as moot.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Court adopts the facts of this case as set forth in the R&R:

Plaintiff's claims arise out of his disagreement with the religious (Halal) meals he received at the Central Michigan Correctional Facility (STF) as a practicing Muslim. Plaintiff alleges violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), Religious Freedom Restoration Act (RFRA), and the First, Fifth, Seventh, Eighth, and Fourteenth Amendments to the U.S. Constitution. The complaint does not specify whether the claims are individual- or official-capacity claims, but seeks both monetary and injunctive relief. (Dkt. 1, p. 5).

MDOC Policy Directive 05.03.150, "Religious Beliefs and Practices of Prisoners," paragraph OO states that MDOC "offers a vegan menu to meet the religious dietary needs of prisoners," and that "[t]he Vegan menu shall comply with Kosher and Halal religious tenets." (Dkt. 18, Ex. 3). P.D. 05.03.150 was effective on September 15, 2015, prior to when plaintiff alleges that he was approved for a religious diet (November 2015). (Dkt. 1, ¶ 1). According to plaintiff's complaint, no sincere practicing Muslim can be a willing vegetarian. (Dkt. 1, p. 1). Plaintiff also says that there is no Halal diet offered or available for commissary purchase. *Id.* at 1-2. Plaintiff also says he was discriminated against when he was offered inappropriate substitutions for food items that had run out. *Id.* at 2. Plaintiff also asserts that the vegetarian diet is inappropriate for him because he is allergic to soy, one of the diet's main components. *Id.* at 2.

> Plaintiff filed a Step I grievance on February 7, 2017. (Dkt. 1, Pg ID 18). His grievance was acknowledged on February 16, 2017. (Dkt. 1, Pg ID 19). According to MDOC records, plaintiff did not take any grievances through Step III of the MDOC grievance process between the time he says he was approved to receive religious meals (November 2015) and the date he filed his complaint. (Dkt. 18, Ex. 2).

[R&R at 3-4].

On May 31, 2017, Plaintiff commenced this action against Governor Snyder, Attorney General William Schuette, MDOC employees Washington and Gidley, and Trinity Service Group and its employee Barbara Anderson. On June 27, 2017, this case was consolidated with a companion case filed in this District.

On September 11, 2017, State Defendants Snyder, Washington, and Gidley filed a Motion for Summary Judgment [18] arguing *inter alia* that Plaintiff failed to exhaust his administrative remedies. Plaintiff filed a Response [37] on October 30, 2017. Separately, Defendant Schuette filed a Motion for Summary Judgment [76] on June 16, 2018.[1] Throughout the course of this litigation, Plaintiff has filed several pretrial motions.

On August 3, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") [88] recommending that the Court grant Defendants'

---

[1] Hereinafter, State Defendants Snyder, Washington, Gidley, and Schuette may also be referred to as "moving-Defendants."

Motion for Summary Judgment [18] and terminate all pending motions as moot. Plaintiff filed Objections [89] to the R&R on August 20, 2018.

## STANDARD OF REVIEW

This Court reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

## ANALYSIS

Plaintiff has filed twenty-two objections to the R&R. The majority of his objections abruptly assert that the Magistrate Judge erred in her findings on certain issues. However, objections which simply dispute "'the correctness of the magistrate's recommendation but fail[] to specify the findings . . . believed in error' are too general" and amount to a failure to object. *Novak v. Prison Health Services, Inc.*, No. 13-11065, 2014 WL 988942, at *3 (E.D. Mich. Mar. 13, 2014) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

Only Objections #2, #5, #10, #11, and #16 warrant *de novo* review.[2] In Objections #2, #10, and #16, Plaintiff submits that the R&R erred in recommending

---

[2] The remaining objections merely dispute the correctness of the R&R or fail to address the threshold issue of exhaustion.

dismissal of this entire action without non-moving Defendants Trinity Service Group and Anderson having filed an answer to the Complaint. The R&R recommended dismissal of non-moving Defendants, in conjunction with moving-Defendants, because Plaintiff alleges the same claims against both parties.

Because "failure to exhaust is an affirmative defense under the PLRA . . . inmates are not required to plead specially or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Nevertheless, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* (internal citation omitted).

At issue here is whether the Court may dismiss this entire action based on exhaustion grounds where non-moving Defendants failed to raise exhaustion as an affirmative defense, but where Plaintiff – undisputedly – did not exhaust his administrative remedies.

The Court agrees with the R&R's conclusion that *Jones* does not preclude "*sua sponte* dismissals based on an affirmative defense such as exhaustion where the failure to exhaust is evident and the plaintiff first has been given the opportunity to address the issue." [R&R at 21].

In *Threatt v. Williams-Ward*, No. CV 15-12585, 2016 WL 6653013, at *6 (E.D. Mich. July 13, 2016), *report and recommendation adopted sub nom. Threatt*

*v. Williams*, No. 15-12585, 2016 WL 4607639 (E.D. Mich. Sept. 6, 2016), this Court held that where a plaintiff clearly fails to exhaust his administrative remedies for claims asserted against defendants who have not appeared, the Court may nonetheless dismiss the claims *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court explained that this is especially so where the claims against non-appearing defendants are the same as those against appearing-defendants. *Id.*; *see also Belser v. Alton*, No. 14-13848, 2015 WL 4488598, at *8 (E.D. Mich. July 23, 2015), *aff'd sub nom. Marvin Belser v. Sarah Alton, et al.*, (6th Cir. Aug. 27, 2015) (dismissing claims against all defendants where claims stated against non-moving defendants were the same as those lodged against moving defendants).

Because Plaintiff has offered no evidence to suggest that he completed MDOC's three-step grievance process, or that Defendants somehow prevented him from exhausting his administrative remedies, he may not pursue his claims in this Court. *See Jones*, 549 U.S. at 216. Dismissal of this action is warranted under §§ 1915(e)(2)(B) and 1915A. Accordingly, Objections #2, #10, and #16 are overruled.

In Objection #5, Plaintiff submits that exhaustion is not required for RLUIPA claims brought as part of a § 1983 action. Plaintiff relies on *Murphy v. Zoning Comm'n of Town of New Milford*, 148 F. Supp. 2d 173 (D. Conn. 2001), in which

the District of Connecticut held that exhaustion of state remedies was not required of plaintiffs bringing a § 1983 action challenging a zoning order on grounds that it violated their rights under RLUIPA. *Murphy*, a zoning case addressing exhaustion of state remedies, is inapplicable to this prisoner civil rights action.

Moreover, in Objection #11, Plaintiff further submits that exhaustion is not a prerequisite for prisoners asserting constitutional violations. Plaintiff erroneously relies on *Prigg v. Com. of Penn.*, 41 U.S. 539, 542 n.1 (1842), a supremacy clause case which resulted in the passage of the Fugitive Slave Act of 1850. Plaintiff, who at the time of the events giving rise to the Complaint was incarcerated at the Central Michigan Correctional Facility, is subject to the barriers to suit imposed by 42 U.S.C. § 1997e. Despite Plaintiff's objections, the exhaustion requirement set forth in § 1997e is not somehow trumped by virtue of the fact that Plaintiff's alleges constitutional claims. Section 1997e requires that Plaintiff exhaust his administrative remedies before bringing his RLUIPA and § 1983 claims in this Court. *See Zamboroski v. Karr*, 97 F. App'x 575, 576 (6th Cir. 2004). Objections #5 and #11 are overruled.

## Conclusion

For the reasons stated above,

**IT IS ORDERED** that the R&R [88] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objections [89] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [18] is **GRANTED**.

**IT IS FURTHER ORDERED** that all pending motions [20, 31, 34, 35, 42, 46, 50, 57, 61, 66, 68, 69, 72, 76, 77, 78, 80, 81, 82, 83, 86, 87] are **TERMINATED as moot**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**.

**SO ORDERED**.

s/Arthur J. Tarnow

Dated: August 29, 2018

Arthur J. Tarnow
Senior United States District Judge